Ms. Kay Barnhill Terry State Personnel Administrator Office of Personnel Management Department of Finance and Administration
1509 West Seventh Street, Suite 201 Little Rock, Arkansas 72203-3278
Dear Ms. Terry:
I am writing in response to a request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion on whether the release of certain records in the Arkansas Administration Statewide Information System (AASIS) would be consistent with the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101 to-110 (Repl. 2002 Supp. 2009). The FOIA requester was seeks an electronic copy of the name, agency, job title, and salary of every employee at certain state agencies.
The employee objects to the release of her name, agency, job title, and salary because she "believe[s] that when an FOI is requested the purpose of the request should be so-noted [sic] in the original request."
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of certain employee-related documents is consistent with the FOIA. In the present case, the custodian has determined that the requested records are personnel records and should be released. In my opinion the custodian's decision is consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
As this office has consistently opined, given the nature of this request, the first two elements are clearly met. The analysis for those two elements is contained in Opinion No. 2011-045, which is enclosed. So I will not repeat it here.
Turing to the third element, the question is whether some exception shields these records from disclosure. As noted in Opinion No. 2011-045, these records meet the definition of a "personnel record."[1] Accordingly, the FOIA requires that these records be released unless doing so constitutes a "clearly unwarranted invasion of personal privacy."[2] As Opinion No. 2011-045 explains, the release of these kinds of records — i.e., those reflecting the name, salary, job title, etc. — will rarely rise to the level of such an invasion. Therefore, these kinds of records generally must be released.
Your only objection is that the requestor does not state his purpose and that he should be required to do so. As noted in Opinion No. 2011-045, the requestor's motive is generally irrelevant to the analysis of the question whether the release of certain records is consistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
 Sincerely, DUSTIN McDANIEL Attorney General
[1] Please see Opinion No. 2011-045 for the definition of "personnel record."
[2] A.C.A. § 25-19-105(b)(12) (Supp. 2009).